15. Since the In-Line Wheel Design was first introduced, Olivet has extensively advertised, marketed and promoted the particular distinctive "look" of the In-Line Wheel Design in the United States, including its unique wheel "rim" pattern, which is distinctive in appearance, eye-catching and readily recognized by customers and members of the trade.

16. The In-Line Wheel Design trade dress has also acquired secondary meaning and distinctiveness among consumers and members of the trade, and continues to have secondary meaning and distinctiveness. The In-Line Wheel Design is now widely known and recognized by its unique, distinctive appearance, which identifies to consumers and members of the trade that the source of origin of the In-Line Wheel Design is Olivet.

17. By reason of the foregoing, the In-Line Wheel Design Patent has become and is now a designation of origin of Olivet and has established common law trademark and trade dress rights which are owned by Olivet.

### Defendant's Infringing Conduct

#### Infringement of '028 Patent

18. Following Olivet's first use of the Wheel Housing Design, and the issuance of the '028 Patent, Defendant manufactured, or caused to be manufactured, wheel housings that are copies of the Wheel Housing Design.

19. A side-by-side comparison of Olivet's Wheel Housing Design and wheel housing found on Defendant's products illustrates that Defendant's design is a copy of Olivet's '028 Patent. As an example of Defendant's infringing use, attached hereto as **Exhibits "3," "4," and "5"** are side-by-side photographic comparisons of Olivet's '028 Patent (Exhibits "3A," "4A" and "5A") and Defendant's infringing designs (Exhibits "3B," "4B" and "5B").

20. Defendant has been, and is, offering for sale, and selling, one or more products that infringe or otherwise violate Olivet's rights, including those pictured above, in retail stores across the United States. Such products are also available for

1  purchase on a number of retail websites, through catalogs, and at national and local
2  retailers.

### Infringement of the '753 Patent

21. Following Olivet's first use of the In-Line Wheel Design, and the issuance of the '753 Patent, Defendant manufactured, or caused to be manufactured, wheels that are copies of the In-Line Wheel Design.

22. A side-by-side comparison of Olivet's In-Line Wheel Design and the wheel found on Defendant's products illustrate that the Defendant's design is a copy of the Olivet's '753 Patent. As an example of Defendant's infringing use, attached hereto as Exhibits "3," "4" and "5" are side-by-side photographic comparisons of Olivet's '753 Patent (Exhibits "3A," "4A" and "5A") and Defendant's infringing designs (Exhibits "3B," "4B" and "5B").

23. Defendant has been, and is, offering for sale, and selling, one or more products that infringe or otherwise violate Olivet's rights, including those pictured above, in retail stores across the United States. Such products are also available for purchase on a number of retail websites, through catalogs, and at national and local retailers.

### FIRST COUNT-PATENT INFRINGEMENT
### (Infringement of the '028 Patent)

24. Olivet hereby incorporates Paragraphs 1 through 20, inclusive, herein by reference.

25. On information and belief, Defendant has directly infringed, induced infringement of, and/or contributed to the infringement of one or more claims of the '028 Patent, both literally and under the doctrine of equivalents, by making, using offering for sale, selling and/or importing into the United States without license or permission from Olivet, or encouraging others to do so.

///
///

26. On information and belief, Defendant had notice and actual knowledge of the '028 Patent before the filing of this suit, and Defendant's infringement of the '028 Patent has been and continues to be willful and deliberate.

27. Olivet has been damaged by Defendant's infringement of the '028 Patent in an amount to be determined at trial, such damages including all of Defendant's profits from the infringement alleged herein.

28. Defendant's infringement has injured Olivet and will continue to injure Olivet unless enjoined by the Court. Such injury will be irreparable.

## SECOND COUNT-PATENT INFRINGEMENT

### (Infringement of the '753 Patent )

29. Olivet hereby incorporates Paragraphs 1 through 17 and 21 through 23, inclusive, herein by reference.

30. On information and belief, Defendant has directly infringed, induced infringement of, and/or contributed to the infringement of one or more claims of the '753 Patent, both literally and under the doctrine of equivalents, by making, using offering for sale, selling and/or importing into the United States without license or permission from Olivet, or encouraging others to do so. On information and belief, Defendant had notice and actual knowledge of the '753 Patent before the filing of this suit, and Defendant's infringement of the '753 Patent has been and continues to be willful and deliberate.

31. Olivet has been damaged by Defendant's infringement of the '753 Patent in an amount to be determined at trial, such damages including all of Defendant's profits from the infringement alleged herein.

32. Defendant's infringement has injured Olivet and will continue to injure Olivet unless enjoined by the court. Such injury will be irreparable.

///

///

///

## THIRD COUNT-TRADE DRESS INFRINGEMENT

### (Infringement of the '028 Patent)

33. Olivet hereby incorporates Paragraphs 1 through 20 and 25 through 28, inclusive, herein by reference.

34. The Wheel Housing Design was designed for the purpose of housing the luggage wheels in a modern, sleek design with a unique curve that lends to its appearance as a fender for the luggage wheel, and, therefore, constitutes a nonfunctional design feature of the luggage.

35. The Wheel Housing Design has acquired secondary meaning and distinctiveness among consumers and members of the trade, and continues to have secondary meaning and distinctiveness.

36. To any ordinary observer, and to customers and members of the trade, the "look" of Defendant's luggage, is confusingly similar, if not identical, to the Wheel Housing Design, in particular the distinctive "look" of the Wheel Housing Design including the raised "fender" design which is unique in appearance, eye-catching and readily recognized among customers and members of the trade.

37. Defendant's past, present and future commercial distribution and sales of luggage employing the Wheel Housing Design's trade dress constitutes trade dress infringement under 15 U.S.C. §1125.

38. On information and belief, Defendant's trade dress infringement of the Wheel Housing Design has been and continues to be willful and deliberate.

39. Olivet has been damaged by Defendant's trade dress infringement in an amount to be determined at trial. Furthermore, by these acts, Defendant has irreparably injured and caused Olivet to suffer a substantial loss of goodwill and reputation, and such injury will continue unless Defendant is enjoined by this Court.

40. By reason of the above actions, Olivet is entitled to the full range of relief under the Lanham Act, 15 U.S.C. §§1116-1118.

## FOURTH COUNT-TRADE DRESS INFRINGEMENT

### (Infringement of the '753 Patent)

41. Olivet hereby incorporates Paragraphs 1 through 17, 21 through 23, and 30 through 32, inclusive, herein by reference.

42. The In-Line Wheel Design was designed for the purpose of creating a distinct, modern, sturdy appearance that is similar to an upscale automobile wheel rim, and therefore constitutes a nonfunctional design feature of the luggage.

43. The In-Line Wheel Design has acquired secondary meaning and distinctiveness among consumers and members of the trade, and continues to have secondary meaning and distinctiveness.

44. To any ordinary observer, and to customers and members of the trade, the "look" of Defendant's luggage, is confusingly similar to the In-Line Wheel Design, in particular the distinctive "look" of the In-Line Wheel Design including its spoke "rim" look which is unique in appearance, eye-catching and readily recognized among customers and members of the trade.

45. Defendant's past, present and future commercial distribution and sales of luggage employing the In-Line Wheel Design's trade dress constitutes trade dress infringement under 15 U.S.C. §1125.

46. On information and belief, Defendant's trade dress infringement of the In-Line Wheel Design has been and continues to be willful and deliberate.

47. Olivet has been damaged by Defendant's trade dress infringement in an amount to be determined at trial. Furthermore, by these acts, Defendant has irreparably injured and caused Olivet to suffer a substantial loss of goodwill and reputation, and such injury will continue unless Defendant is enjoined by this Court.

48. By reason of the above actions, Olivet is entitled to the full range of relief under the Lanham Act, 15 U.S.C. §§1116-1118.

///